IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RAHIEM KIRKMAN, | Civil Action No.: 4:18-0181-BHH |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| WARDEN SCOTT LEWIS, | |
| Respondent. | |

Petitioner Rahiem Kirkman ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, for pre-trial proceedings and a Report and Recommendation ("Report").

## BACKGROUND

On April 3, 2018, Respondent Warden Scott Lewis ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. (ECF Nos. 17 & 18.) Since Petitioner is *pro se* in this matter, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on April 3, 2018, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 19.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. Petitioner filed a response in opposition to the motion for summary judgment on May 10, 2018. (ECF No. 24.) On May 17, 2018, Respondent filed a reply. (ECF No. 25.) Magistrate Judge Rogers considered the parties' submissions and the record in this case, and on August 15, 2018,

1

issued a Report recommending that Respondent's motion for summary judgment (ECF No. 17) be granted, and the petition for a writ of habeas corpus be denied as untimely filed. (*See* ECF No. 26.)

The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 26-1.) After having been granted an extension of time (ECF No. 30), Petitioner filed his objections on September 24, 2018. (ECF No. 33.) The Report sets forth the relevant factual and procedural background from the trial and post-conviction relief ("PCR") proceedings, which is undisputed (*see* ECF No. 26 at 2–3), as well as the relevant legal standards, and the Court incorporates them here without recitation.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

2

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

Petitioner filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997). The statute of limitations for § 2254 petitions is set forth in 28 U.S.C. § 2244, which states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In other words, subject to the tolling provision, a habeas petitioner has one year in which to timely file his petition. *See id.*

The Magistrate Judge concluded that Petitioner's claims must be dismissed because they are untimely. (ECF No. 26 at 8.) Petitioner was convicted and sentenced on November 6, 2007. (ECF No. 18-1 at 299.) Following the denial of his direct appeal in an opinion filed November 9, 2011 (ECF No. 18-5), his conviction became final on or after

the expiration of fifteen days given for filing a petition for rehearing, namely, November 24, 2011. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (stating that finality is determined by the expiration of time in which to seek further direct appellate review); SCACR 221(a) ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). Petitioner filed his PCR application on October 12, 2012 (ECF No. 18-1 at 302), which tolled the statute of limitations with at least three hundred and twenty-one (321)[2] days having expired. *See* 28 U.S.C. § 2244(d)(2). Accordingly, forty-two (44) days remained within which Petition could timely file a federal habeas petition. The South Carolina Supreme Court denied Petitioner's appeal and the remittitur was filed on October 26, 2017. (ECF No. 18-11.) From that date, at least eighty-four (84) days lapsed before Petitioner filed the instant habeas action on January 19, 2018. Accordingly, the Magistrate Judge concluded that the petition is time-barred under 28 U.S.C. § 2244(d) and should be dismissed. (*Id.* at 10.)

Petitioner has indicated that he agrees with the procedural history as stated by Respondent and as stated in the Report. (*See* ECF Nos. 24 at 3; 33 at 3.) Thus, a straightforward application of the statute of limitations dictates that the petition for a writ of habeas corpus was indeed untimely.

---

[2] The Report notes that in Petitioner's response to the motion for summary judgment, he states that he "adopts" the procedural history as set forth by Respondent. (ECF No. 26 at 2.) Therefore, the Magistrate Judge laid out the undisputed procedural history as set forth by the Respondent. (*Id.*) The Report states that three hundred and twenty-*three* (323) days expired between Petitioner's conviction becoming final and the filing of his PCR application, whereas, the motion for summary judgment indicates three hundred and twenty-*one* (321) days expired. The undersigned suspects that this discrepancy resulted from the method of calculating days, given there were twenty-nine (29) days in February 2012 and the person tabulating the final number may or may not have counted October 12, 2012 (the PCR filing date) as an expired day. In any event, the two-day discrepancy is immaterial to the statute of limitations analysis, and the Court will proceed under the procedural history set forth by Respondent, which is slightly more favorable to Petitioner.

Next, the Magistrate Judge considered whether the statute of limitations may have been subject to equitable tolling in this case. (*See* ECF No. 26 at 10–13.) The Report notes Petitioner's allegations, presented in his response to the motion for summary judgment, that circumstances beyond his control prevented him from timely filing his habeas petition. Specifically, Petitioner asserts that he was transferred from Lieber to Perry Correctional Institution and placed into a housing unit on lock-down for approximately five weeks once he arrived at Perry. The Magistrate Judge found that, based on the circumstances presented, Petitioner's arguments do not describe the "extraordinary circumstances" necessary to trigger equitable tolling of the limitations period. (*Id.* at 12–13 (citing numerous cases in this District concluding, under the same general conditions, that extraordinary circumstances had not been shown and dismissing the habeas petitions for untimeliness).)

Petitioner objects to the conclusion that the circumstances he has described do not constitute the extraordinary circumstances that warrant equitable tolling. (ECF No. 33 at 3.) He asserts that the Magistrate Judge was unreasonable to conclude that Petitioner "has not made a prima facie showing of his entitlement to equitable tolling as a result of his being transferred between institutions and not being supplied with his legal box and materials after arriving at the present institution for 30-days." (*Id.*) Petitioner cites *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), in support of this proposition.

In *Lott*, the petitioner alleged that he was entitled to equitable tolling for the eighty-two (82) day period when a state-imposed impediment prevented him from accessing his legal files. *Id.* at 920. Specifically, the petitioner alleged that he was temporarily transferred from Folsom prison to another state detention center in order to facilitate his

5

appearance as a claimant and witness in a civil court matter in Sonoma County, California. *Id.* at 921. The eighty-two (82) day period was actually a conglomerate of two separate, shorter transfers. *Id.* The petitioner claimed he was deprived of access to legal materials during those transfers, except for certain files related to the civil proceedings for which he had been transferred, because the legal files related to his federal habeas petition were kept in storage at Folsom. *Id.* Lott supported his allegations by submitting a copy of the prison transfer log detailing his movements by date, as well as an affidavit by an inmate worker in receiving and shipping at Folsom indicating that it was the policy and practice at Folsom that inmates transported out for court appearances were only allowed to bring legal materials necessary for the case for which they were being transported. *Id.*

The Ninth Circuit found that when Lott regained access to his legal files, he could have reasonably believed that the time in which to file his federal habeas petition expired in six days, because the Ninth Circuit's ruling clarifying that tolling of the statute lifts *thirty days after* the California Supreme Court denies a petition for review, rather than the date of denial, had not yet been issued. *Id.* at 922–23. The court stated, "Such a fleeting period could have made a timely filing by a pro se prisoner literally impossible." *Id.* at 923 (citation omitted). The Ninth Circuit noted, "The peculiar facts of this case echo our earlier holding in *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc), when we stated that the grounds for granting equitable or statutory tolling are 'highly fact dependant.'" *Id.* at 923. The Ninth Circuit held that its own case law, as applied to the particular facts of Lott's case, likely entitled Lott to equitable tolling:

> In the present case, there are allegations that Lott was denied access to his files during two temporary transfers that lasted eighty-two days. Moreover, during the relevant time period, there were some obvious questions about

6

the proper method under the AEDPA for tolling during the pendency of Lott's petition before the California Supreme Court. These unusual facts, if borne out by further factfinding, appear to satisfy the "extraordinary circumstances" requirement for equitable tolling. [*Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 2007)]. Considering the fact that, without equitable tolling, Lott filed his petition only 7 or even 20 days late (depending on the application of the mailbox rule), and that the proper method for calculating the imminence of Lott's AEDPA deadline was unclear on his return to Folsom, the denial of his legal files for eighty-two days appears to satisfy the impossibility requirement as well. *Id.* ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate."). Rather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into "impossibility" should be resolved in Lott's favor.

*Id.* at 924–25. Accordingly, the Ninth Circuit remanded the case to the district court for a more complete development of the record as it related to the availability of equitable tolling. *Id.* at 925.

Petitioner is to be commended for citing such a relevant decision by a federal appellate court in support of his objections. It is rare to receive such on-point legal argumentation from a pro se litigant. Nevertheless, the *Lott* case is unpersuasive to displace the sound reasoning and analysis of the Magistrate Judge. First, *Lott* was decided by the Ninth Circuit and is not binding authority. Second, part of the *Lott* court's reasoning pertained to uncertainty about the proper method under AEDPA to cease tolling of the limitations period after State Supreme Court review, which could have caused Lott to mistakenly believe that his petition was due within six days of regaining access to his files. *See id.* at 923 ("In such a situation, Lott might have reasoned that it would be better to file late and plead the equities of his case rather than not to file at all. Yet, if Lott could have reasonably known that his filing deadline was in fact thirty days later, he might have been able, with proper planning, to guarantee his day in court.") No such uncertainty about

7

the method of tolling existed in this case. Third, as acknowledged by the Ninth Circuit in *Lott*, determinations regarding the applicability of equitable tolling turn on the particular facts at issue, and the facts at issue here are comparable to multiple cases in this District where equitable tolling has been found inapplicable. *See, e.g.*, *Jones v. Bush*, No. 0:14-CV-01760-TLW, 2015 WL 1826408, at *4 (D.S.C. Apr. 20, 2015) (finding that petitioner had not established grounds for equitable tolling where he alleged that a lockdown status in his dormitory unit prevented him from accessing the law library); *Gleaton v. Bush*, No. CA 4:14-890-TMC, 2014 WL 5527826, at *7 (D.S.C. Oct. 31, 2014) ("Prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling."); *Lawrence v. Warden of Kirkland Corr. Inst.*, No. CA 5:12-3054-TMC, 2013 WL 6054486, at *1 (D.S.C. Nov. 15, 2013) (stating, where petitioner contended that a law enforcement investigation deprived him of his legal documents and made him unable to properly and timely complete a habeas petition, "Generally, '[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not qualify as extraordinary circumstances'" (quoting *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009)).

Moreover, as noted by Judge Cain in *Lawrence v. Warden of Kirkland Corr. Inst.*:

> "[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only set forth in summary form the facts supporting each of the grounds specified in the petition." *Smith v. Virginia*, C/A No. 3:12–CV–148, 2013 WL 871519, *5 (E.D. Va. 2013) (internal citations omitted). Petitioner fails to demonstrate that his lack of access to his legal documents prevented him from setting forth in summary form the facts that support his claims.

2013 WL 6054486, at *2. Likewise, Petitioner in the instant case has not shown that the

8

conditions he alleges impeded diligent efforts on his part to file the habeas petition in a timely fashion.

Petitioner also cites *Hendon v. Lamarque*, 19 F. App'x 599 (9th Cir. 2001) in support of his assertion that the Magistrate Judge "erred in denying equitable tolling where[] Petitioner's transfer was circumstances beyond his control, warranting equitable tolling." (ECF No. 33 at 4.) In *Hendon*, the petitioner "contend[ed] that a series of back-to-back prison lockdowns and placements in administrative segregation resulted in long-term denial of access to prison law libraries and personal legal materials." *Id.* at 599. In the district court, the petitioner had submitted a declaration stating that his access to legal materials was "virtually eliminated," and submitted a series of prison "lockdown orders" that did not make clear the specific dates of lockdown or the specific restrictions imposed during the relevant time period. *Id.* at 600. The Ninth Circuit remanded for further development of the record in order to determine whether equitable tolling might be appropriate. *Id.* In ruling on the subsequent appeal after remand, the Ninth Circuit stated:

> We conclude that Hendon has not sustained th[e] burden [of establishing that equitable tolling is warranted]. Although his time in the California State Prison-Sacramento and in the Salinas Valley State Prison was marked by frequent lockdowns and periods of administrative segregation, Hendon has failed to show that these events made it impossible for him to file on time. We decline to equitably toll AEDPA's one-year limitation period, and his federal habeas petition is thus time-barred.

*Hendon v. LaMarque*, 107 F. App'x 769, 771 (9th Cir. 2004). Thus, *Hendon* offers Petitioner no support and his objection is overruled.

The Fourth Circuit has stated regarding the application of equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To

9

> apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (holding that a mistake by a party's counsel in interpreting the statute of limitations does not present the extraordinary circumstances necessary to invoke equitable tolling). The Court agrees with the conclusion of the Magistrate Judge that Petitioner has not made a sufficient showing of extraordinary circumstances in order to justify equitable tolling in this case.

The remainder of Petitioner's objections (ECF No. 33 at 4–5) are conclusory and do not require in depth treatment here. After *de novo* review, the Court agrees with the analysis and recommendation of the Magistrate Judge and finds no error therein. Accordingly, Petitioner's objections are overruled and the Report is adopted.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard

for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, and adopts and incorporates the Magistrate Judge's Report (ECF No. 26). Therefore, the motion for summary judgment (ECF No. 18) is GRANTED to the extent that it argues that the petition for a writ of habeas corpus is untimely. The habeas petition (ECF No. 1) is DENIED and DISMISSED *with prejudice*.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 20, 2019
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.